UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON REUBEN,

    Plaintiff,

v.                                                        Case No:   6:17-cv-1120-Orl-41TBS

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion for Reconsideration and Motion for Leave to Extend the Time to Respond to Plaintiff's Motion for Sanctions (Doc. 43). On May 3, 2018, Plaintiff moved for sanctions against Defendant for its failure to provide an adequate deposition witness, in compliance with FED. R. CIV. R. 30(b)(6) (Doc. 36). The motion was referred to the undersigned and on May 21, 2018, I granted the motion for sanctions as unopposed (Doc. 42). I declined to reach the merits of the Plaintiff's arguments and awarded her all relief prayed for in her motion (Id. at 2).

Defendant has requested that the Court reconsider the ruling on Plaintiff's Motion for Sanctions and grant it leave to file a response out of time (Doc. 43). The motion for reconsideration states that it is opposed. However, Plaintiff has not filed a response to the motion and the time within which to do so has expired. For the reasons explained in the Court's original order granting the motion for sanctions (Doc. 42), when a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)1 (citing Kramer v. Gwinnett

Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that Defendant's motion for reconsideration is unopposed.

The federal rules do not specifically provide for the filing of a motion for reconsideration but, it is generally understood that F ED. R. C IV. P. 59(e), and 60(b) encompass motions for reconsideration. 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2017); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Rule 60(b), which is relevant here provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief."

Reconsideration is an extraordinary remedy and power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." U.S. v. Halifax Hosp. Med. Ctr., No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Litigants cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

When considering whether to reconsider a prior ruling based on a party's excusable neglect, the court must consider "the danger of prejudice … the length of delay and its potential impact on judicial proceedings … whether the [movant] acted in good faith" and the reason for the delay. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Ptrshp., 507 U.S. 380 (1993).

Defense counsel represents that she failed to file her client's response to Plaintiff's motion for sanctions because she "incorrectly tasked the response deadline" (Doc. 43 at 2-3). She also states that she "looked at the wrong state's federal rules inadvertently and believed [Defendant] had twenty-one (21) days or until Thursday to respond to Plaintiff's Motion" (Id. at 2).[1] As a result of Defense counsel's mistake, her client's response to the motion for sanctions was filed five days late (Doc. 44). The Court fails to see how this short delay has prejudiced Plaintiff. It also finds that this delay will have a minimal impact on the progress of the case.

Accordingly, Defendant's Motion for Reconsideration (Doc. 43) is **GRANTED**. The Clerk of Court is directed to **VACATE** the order at Docket Entry 42. Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Sanctions is **GRANTED NUNC**

---

[1] The Court has no idea what defense counsel is talking about. There is only one set of Federal Rules of Civil Procedure.

**PRO TUNC** and Defendant's Response in Opposition to Plaintiff's Motion for Sanctions (Doc. 44), filed on the Docket on May 23, 2018, is deemed timely filed.

**DONE** and **ORDERED** in Orlando, Florida on June 6, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record